# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-112V & 20-113V[1]
Filed: December 18, 2023

Reissued for Public Availability: January 26, 2024

```
* * * * * * * * * * * * *
ANGELA BULAN BOGUE,          *
                             *
              Petitioner,    *
                             *
v.                           *
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
              Respondent.    *
* * * * * * * * * * * * *
```

*Angela Bulan Bogue*, Youngsville, NC, *pro se* petitioner.
*Catherine Stolar, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[2]

**Roth,** Special Master:

On January 31, 2020, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[3] alleging that that the tetanus-diphtheria ("Td") vaccine she received on February 3, 2017 caused her to suffer a host of injuries, including but not limited to anaphylaxis, swelling, redness at the injection site, body aches, weakness, numbness, chronic fatigue and vision changes, and nerve disorder.[4] Petition, ECF No. 1. The

---

[1] Petitioner filed two separate petitions on January 31, 2020, both of which were assigned to the undersigned but with separate case numbers. However, because it was determined that both of petitioner's claims arose from the Td vaccine petitioner received on February 3, 2017, the cases were consolidated on February 26, 2020, with Case No. 20-112V as the lead case. *See* ECF No. 10.

[2] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on December 18, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

[4] Petitioner filed a similar claim in 2015, alleging that she developed chronic pain syndrome, generalized anxiety disorder, and conversion disorder after a tetanus vaccine she received on January 23, 2012. The case, which was assigned to a different special master, was dismissed on June 22, 2016, because the petition was time-barred and also

information in the record, however, does not show entitlement to an award under the Program.

A status conference was held on May 5, 2022, after which an Order was issued detailing petitioner's medical history, directing her to file additional medical records and a status report advising on her efforts to secure counsel. ECF No. 44. Petitioner filed medical records on June 8, 2022. ECF No. 45.

Since that time, petitioner has filed several Motions for extension of time to file a status report to advise on her efforts to secure counsel. ECF Nos. 49-50, 51, 52, 53.

On June 5, 2023, petitioner filed a Motion for extension of time explaining that she was still looking for counsel and had contacted many law firms without success. She requested an additional ninety (90) days to secure counsel. ECF No. 55. An Order was issued granting her Motion and directing petitioner to file a written submission explaining her efforts to secure counsel. The Order also required her to include in her submission a list of any records or evidence she believed supported the injuries she alleges, as well as any medical records she believed remained outstanding and a list of any and all medical providers from whom she has received treatment. ECF No. 56.

Petitioner failed to file her written submission by the September 5, 2023 deadline. On September 14, 2023, my law clerk emailed petitioner notifying her of the missed deadline. Petitioner did not respond.

Thereafter, on September 25, 2023, an Order to Show Cause was issued directing petitioner to submit the written submission detailing her efforts to secure counsel and providing any records or evidence that she believes support the injuries she alleges, all medical records she believes are outstanding, and all medical providers from whom she has received treatment. Petitioner was also to include an explanation as to why her petition should not be dismissed for failure to comply with the Court's orders and failure to prosecute. She was advised that failure to respond to the Court's Order to Show Cause would result in the immediate dismissal of her claim. ECF No. 57.

Petitioner failed to comply with the Order to Show Cause by the return date of November 27, 2023 deadline. As of today, December 18, 2023, petitioner has not complied with the Court's order or communicated with the Court in any way.

Special masters may dismiss a petition where the petitioner fails to follow court orders. *See Padmanabhan v. Sec'y of Health & Human Servs.,* 638 Fed. App'x 1013 (Fed. Cir. 2016); *see also Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam,* 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

Further, to receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that she suffered an injury that was actually caused by a

---

due to insufficient proof to substantiate her claim. *Bogue v. Sec'y of Health & Human Servs.*, No. 15-0250 (Fed. Cl. Spec. Mstr. June 22, 2016).

vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," and the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

In the instant matter, Ms. Bogue has failed to comply with Court orders or communicate with the Court in any way despite multiple orders to do so. Further, based on the record, she has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for failure to prosecute and insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master